### AMERICAN R. CO. OF PORTO RICO v. PONCE & G. R. CO.

(Circuit Court of Appeals, First Circuit. November 15, 1917.)

#### No. 1293.

1. EVIDENCE ⬤⇒441(14)—PAROL EVIDENCE AFFECTING WRITINGS—EVIDENCE TO MODIFY WRITTEN CONTRACT.

   Where, on its expiration, a written contract was renewed by another writing which provided that it should be attached to the original contract, which was "to be considered as continuing * * * with all its covenants, conditions and provisions without change except as to the date of expiration thereof," and the contract was clear and unambiguous, in an action at law on the renewed contract evidence was not admissible to show that the original contract had been modified by parol prior to the renewal and that it was the intention that the modification should be carried into the renewal.

2. EXECUTION ⬤⇒158(1)—STAY TO PERMIT EQUITABLE DEFENSE—POWER OF COURT.

   It appearing, however, that defendant had misconceived its remedy, the court might properly stay execution on the judgment in favor of plaintiff to permit defendant to file a bill in equity to reform the contract, and if its contention was sustained, and the contract reformed, stay execution permanently.

In Error to the District Court of the United States for the District of Porto Rico; Peter J. Hamilton, Judge.

Action at law by the Ponce & Guayama Railroad Company against the American Railroad Company of Porto Rico. Judgment for plaintiff, and defendant brings error. Affirmed.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Francis H. Dexter, of San Juan, Porto Rico (Jacobs & Jacobs, of Boston, Mass., on the brief), for plaintiff in error.

Malcolm Donald, of Boston, Mass. (Charles Hartzell, of San Juan, Porto Rico, on the brief), for defendant in error.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

BINGHAM, Circuit Judge.   This is a writ of error from a judgment of the United States District Court for Porto Rico entered in favor of the Ponce & Guayama Railroad Company, a New Jersey corporation, in an action brought by it against the American Railroad Company of Porto Rico, a New York corporation, to recover the sum of $12,812.59, with interest, being the amount claimed to be due it under the terms of a written contract entered into between said companies and a corporation known as the "Central Fortuna," each of which owned parts of certain connecting railroads forming a line between Ponce and Guayama in the island of Porto Rico.

In order to supply the public service which each corporation was under duty to render, the parties, on September 7, 1910, entered into an agreement for one year from the date of the beginning of regular train service, whereby the American Railroad Company was to supply the equipment and men, and was to be allowed certain sums for passenger, freight and mixed train service.   In addition to receiving its proportion of the revenue for the service rendered over its own line, the American Railroad Company was to receive a certain remuneration from the other parties, to wit:

For passenger trains, "fifty cents per kilometer run per train * * * based on the number of kilometers on the main line of each."

For freight trains, "one and one-half cents per ton per kilometer for all freight it transported on the lines of the other roads, each company paying on the basis of freight transported on its own line." But the remuneration on account of the freight so transported was not to "be less than seventy-five cents per train per kilometer." The earnings from through freight were to be divided proportionately to the distance, but, if the haul on any line was less than 20 kilometers, an allowance for a haul of that length was to be made.

And for a mixed train service, it was to receive its proportion of the revenue accruing from passenger and mail service—that is, the sum that would accrue to it for transportion over its own line—and also such remuneration as was provided for freight train service.   The contract made no provision for compensation to the American Company for service in carrying passengers by mixed trains over the lines other than its own.

On or about September 28, 1911, and before the expiration of the original contract, the parties entered into a renewal agreement, in writing, by which the original agreement of September 7, 1910, was extended for a period of one year from September 30, 1911, to September 30, 1912, in which the parties, "in consideration of the mutual covenants contained in the agreement, heretofore described [of September 7, 1910], and in consideration of these presents, do hereby extend for

the term of one year said memorandum of agreement, dated September 7, 1910, from the thirtieth day of September, 1911, to the thirtieth day of September, 1912, with all its covenants and conditions. This agreement is to be annexed to the said agreement of September 7, 1910, and is to be considered as continuing such original agreement, with all its covenants, conditions and provisions, without change, except as to the date of the expiration thereof."

During the year from October 1, 1911, to October 1, 1912, the American Company operated mixed trains over the lines in question, and received the revenues arising therefrom. In accounting for the revenues thus received, it charged the Ponce & Guayama Company, in addition to the amount allowed by the contract for freight train service, the "fifty cents per kilometer run per train" allowed for a regular passenger train. The amount thus withheld during the year from the Ponce & Guayama Company was $12,812.59, and is the sum for which this action is brought and for which recovery was allowed in the court below.

[1] The American Company claims the right to withhold this sum, not upon the terms of the original contract of September 7, 1910, which was incorporated into the renewal agreement of September 28, 1911, but upon the terms of an oral agreement which it is claimed the parties entered into on September 16, 1910, and before any service was rendered under the original agreement of September 7th, and that the oral agreement was a modification of the contract of September 7th, and was incorporated into the renewal agreement upon which the suit is brought.

At the trial in the court below, the American Company offered evidence tending to prove the modification of the original contract of September 7th, and that it was intended to incorporate that contract and the modification of September 16th into the renewal contract. It also sought to introduce in evidence a judgment rendered in the United States District Court for Porto Rico in a prior action brought by the Ponce & Guayama Company against it, to recover the sum retained by the American Company for a like service rendered for a mixed train under the original contract of September 7th, as modified, in which action judgment was rendered for the American Company. The foregoing evidence was excluded, subject to the defendant's exception, and the question is whether the court erred in these rulings.

The Ponce & Guayama Company contends that the evidence was properly excluded, primarily for the reason that the renewal agreement was clear and unambiguous in its terms, and in no way referred to or incorporated the terms of the oral agreement which was in addition to and in modification of the original agreement of September 7th; that to admit such evidence would be in contravention of the parol evidence rule, the provisions of the Act of the Legislative Assembly of Porto Rico of March 9, 1905, Regulating the Introduction of Evidence in Civil Proceedings (sections 25, 26 [Rev. St. & Codes 1913, §§ 1393, 1394]), and of sections 1248 and 1058 of the Civil Code of Porto Rico (Rev. St. & Codes 1913, §§ 4354, 4154); and that, if the parties in fact understood the agreement in a sense other than that expressed by the

language employed, the remedy of the American Company is in equity and not in a court of law.

The principal question in the case is whether the evidence tending to show that the parties intended to incorporate into the renewal contract the modification of September 16th, as well as the original contract of September 7th should have been received; for, if it should not have been, the judgment rendered in the prior suit based on the parol agreement would not be relevant to any issue in the case.

The terms of the contract here under consideration, namely, the renewal contract of September 28, 1911, are clear and explicit. It in no way refers to the oral agreement of September 16, 1910, or to any modification of the original contract of September 7th. The contract of September 7th is, however, referred to in the renewal contract as the "said memorandum of agreement dated September 7, 1910," and it is provided that the renewal contract shall be "annexed to said agreement of September 7, 1910," meaning the "memorandum of agreement" of that date. The memorandum of agreement of September 7th is also spoken of in the renewal contract as "such original agreement," and it is there provided that it is "to be considered as continuing * * * with all its covenants, conditions and provisions, without change, except as to the date of the expiration thereof." The renewal contract is unambiguous both on its face and when applied to the subject-matter to which it refers, and, such being the case, we are of the opinion that the evidence offered was properly excluded under the general rules of evidence applicable in such cases and under the statutes and Code of Porto Rico to which we have been referred.

[2] It is plain, however, that the defendant has misconceived its remedy for enforcing its rights; for, if the parties, as a matter of fact, understood that the contract of September 7th as modified by the parol agreement of September 16th was to be incorporated into the renewal contract of September 28, 1911, equity and justice require that it should have an opportunity to show the fact and have the contract reformed to comply therewith. And, although the judgment of the court below must be affirmed, we see no reason why execution thereon should not be stayed pending an immediate application by the American company by bill in equity to reform the contract, and that, if reformed in accordance with its contention, why execution should not be permanently stayed.

The judgment of the District Court of Porto Rico is affirmed, with costs to the defendant in error; but execution thereon is stayed pending an immediate application by the plaintiff in error to reform the contract.